**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARLOS JAWON WILLIAMS,**

                **Petitioner,**

    **v.**                                       **CASE NO. 21-3165-SAC**

**ERIC N. WILLIAMS, et al.,**

                **Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. *Id.* at 1. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Petitioner names as respondents Judge Eric N. Williams, a district judge in Sedgwick County, Kansas, and Sedgwick County Assistant District Attorney Matthew R. Erb.[1] (Doc. 1, p. 1.) His asserted grounds for relief involve alleged acts by the Respondents that Petitioner contends violated state and federal statutes, the United States Constitution, the Kansas Constitution Bill of Rights,

---

[1] There is generally only one proper respondent to a federal habeas petition: "'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* 22 U.S.C. § 2242. "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld*, 542 U.S. at 435. Thus, the individuals named as respondents in the current petition are not proper respondents to a habeas action.

the Federal Rules of Criminal Procedure, and the Universal Declaration of Human Rights.[2] *Id.* at 5-6. Petitioner asks this Court to dismiss the state criminal charges pending against him and grant other relief as appropriate. *Id.* at 6.

**Discussion**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

Although § 2241 may be an appropriate avenue to challenge pretrial detention, *see Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional

---

[2] To the extent that Petitioner alleges that staff at the facility where he is housed are tampering with mail or Petitioner believes that the *conditions* of his confinement—such as "bugs in the food"—are unconstitutional (see Doc. 1, p. 2, 5), a habeas action is not the appropriate vehicle to seek relief. "[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here. The state criminal cases against Petitioner are ongoing, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, and the state courts provide petitioner the opportunity to present his challenges, including his federal constitutional claims. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so in this action.

Petitioner is therefore directed to show cause, in writing, on or before August 26, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before August 26, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2021, at Topeka, Kansas.


                                    S/ Sam A. Crow

                                    SAM A. CROW
                                    U.S. Senior District Judge