```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**CARLOS JAWON WILLIAMS,**

                        **Petitioner,**

        v.                                          CASE NO. 21-3165-SAC

**ERIC N. WILLIAMS, ET AL.,**

                        **Respondents.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus (Doc. 1). Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which is granted. In his petition, Petitioner seeks dismissal of state criminal charges and immediate release from the Sedgwick County Correctional Center where he is awaiting criminal trial. *Id.* On July 26, 2021, the Court issued a notice and order to show cause (NOSC) why this matter should not be summarily dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 46 (1971). (Doc. 4.) Petitioner has filed documents that may be liberally construed as a response to the NOSC.

**Legal Standards**

Requests for pretrial habeas corpus relief are disfavored. *Jones v. Perkins*, 245 U.S. 391-92 (198). As explained in this Court's July 26, 2021 Notice and Order to Show Cause, the *Younger* doctrine prevents federal courts from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

Abstention under *Younger* is mandatory when (1) there is an ongoing state criminal proceeding; (2) the state court provides an adequate forum to hear the claims raised in the petition; and (3) the state proceedings involve important state interests traditionally resolved by state law and state policies. *See Winn v. Cook*, 945 F.3d 1253, 1258 (2019) (identifying the three conditions as warranting *Younger* abstention); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (2009)(noting abstention is nondiscretionary when the three conditions coexist).

Even liberally construing the pro se petition, all three conditions appear to be met. First, the detention Petitioner challenges is due to ongoing state criminal proceedings. Second, the state court is an adequate forum for Petitioner to litigate his claims through pretrial proceedings, trial, and, if he is convicted, direct appeal and postconviction remedies. Third, Kansas has an important interest in enforcing its criminal laws through criminal proceedings in the state court.

**Analysis**

As stated above, on July 26, 2021, the Court issued an order directing Petitioner to show good cause on or before August 26, 2021 why his petition should not be dismissed without prejudice under the *Younger* doctrine. (Doc. 4.) On August 5, 2021, Petitioner filed a document with this Court entitled "LAWS VIOLATED (against the defendant Carlos Jawon Williams)." (Doc. 6.) This document lists laws Petitioner believes have been violated, alleges that he has no remaining state-court remedies because the motions he has filed in state court "have been arbitrarily denied," and reiterates his asserted grounds for federal habeas relief. *Id.* at 1-5. He also

attaches a copy of the Register of Actions from his state criminal case. *Id.* at 6-17.

The Court will liberally construe this document as a response to the Court's NOSC, as is appropriate because Petitioner is pro se and has filed no other response to the NOSC. Liberally construing the document, Petitioner argues that the state court is not an adequate forum to hear the claims raised in the federal habeas petition. But the Tenth Circuit has held that "'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted).

In this case, Petitioner has not asserted that state law bars him from raising in state court the claims he seeks to raise in this federal habeas petition. And "*Younger* requires only the availability of an adequate state-court forum, not a favorable result in the state forum." *Id.* (citation omitted). Thus, Petitioner has not shown that the *Younger* doctrine does not apply. Nor does Petitioner's response allege that "irreparable injury" is "both great and immediate," which could warrant an exception to abstaining under the *Younger* doctrine. *See Younger*, 401 U.S. at 46.

The Court will therefore dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERD** that Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 31st day of August, 2021, at Topeka, Kansas.


                                    S/ Sam A. Crow

                                    SAM A. CROW
                                    U.S. Senior District Judge